UNITED STATES BANKRUPTCY COURT   NOT FOR
SOUTHERN DISTRICT OF NEW YORK   PUBLICATION

------------------------------------------------------------x
In re            :
              :  Chapter 7
MICHAEL STEVEN SELTZER,    :
              :  Case No. 03-15686
Debtor.          :
------------------------------------------------------------x
MICHAEL STEVEN SELTZER,    :
              :
   Plaintiff,       :
              :
  - against -      :  Adv. Proc. No. 04-2286
              :
UNITED STATES OF AMERICA,   :
DEPARTMENT OF INTERNAL REVENUE, :
NEW YORK STATE TAX COMMISSION :
AND THE STATE OF NEW JERSEY,  :
DEPARTMENT OF THE TREASURY  :
DIVISION OF TAXATION,    :
              :
   Defendants.      :
------------------------------------------------------------x

## MEMORANDUM DECISION DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

**A P P E A R A N C E S:**

Joseph A. Pantoja, Esq.
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, New York 10007
Attorney for Defendant

Robert L. Leinwand, Esq.
Robinson Brog Leinwand Greene
Genovese & Gluck P.C.
1345 Avenue of the Americas
New York, New York 10105-0143
Attorney for Plaintiff

**MARTIN GLENN**
**United States Bankruptcy Judge**

This matter is before this Court on the motion for summary judgment filed by the The United States of America (hereinafter, "Defendant"). The Court has jurisdiction to hear this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334, and under the July 10, 1984 "Standing Order of Referral of Cases to Bankruptcy Judges" of the United States District Court for the Southern District of New York (Ward, Acting C.J.). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. For the reasons explained below, the motion for summary judgment is denied.

## I.    Standard for Summary Judgment

Rule 7056 of the Federal Rules of Bankruptcy Procedure adopts Rule 56 of the Federal Rules of Civil Procedure, which provides that a party is entitled to summary judgment if the record demonstrates that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. A fact is material if it "might affect the outcome of the suit under governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). On a motion for summary judgment, the moving party has the burden of demonstrating the absence of any genuine issue of material fact. *Id.* at 249; *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970); *U.S. v. Certain Funds on Deposit in Scudder Tax Free Inv. Account No. 2505103*, 998 F.2d 129, 131 (2d Cir. 1993). Once the moving party has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine issue of fact. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The court must resolve all ambiguities and draw all reasonable inferences in favor of the non-moving party. *Id.* at 587.

## II.    Background

On September 9, 2003, Michael Seltzer (the "Debtor") filed a voluntary chapter 7 petition in this Court. On February 2, 2004, Debtor commenced the instant adversary proceeding against the Defendant to determine whether his income tax liability for tax years 1993-1998 may be discharged under the Bankruptcy Code. In his complaint, Debtor asserts that certain federal income taxes, interest, and penalties relating to the years ending December 31, 1993 through December 31, 1998 are not excepted from discharge under § 523(a) of the Bankruptcy Code. Defendant moved for summary judgment asserting that Debtor willfully attempted to evade or defeat his tax obligations and, therefore, Debtor's tax debt for the period at issue comes within the exception to discharge created by § 523(a)(1)(C). Viewing the facts in a light most favorable to Debtor, as the non-

moving party, the following are the facts of record relevant to the pending motion
for summary judgment.

Debtor graduated from Pace University in 1972. He is a chartered life
insurance underwriter and a chartered financial consultant who sold life insurance
and provided financial services for Northwestern Mutual Life Insurance Company
and other insurance companies since 1972. Debtor was married to Tobe J. Mason
from 1974 until they divorced in February of 2001. Seltzer and Mason have three
children − Jonathan, Jessica, and Jarrett born in 1977, 1980, and 1982,
respectively.

Debtor reported adjusted gross income of $1,295,265 for tax years 1993-
1998 and incurred a corresponding tax liability of $254,895.12 for this period of
time. In addition to the income generated from insurance sales, Debtor received
the following pension distributions: $30,010 in 1994, $14,781 in 1994, and
$11,786 in 1995. Because Debtor was a "statutory employee,"[1] he was not
subject to tax withholding; he was, of course, obligated to pay estimated taxes,
and the balance of any taxes due were required to be paid when he filed his tax
returns. Nevertheless, throughout this entire period Debtor did not make any tax
payments toward this outstanding liability. As of November 29, 2005, Debtor
owed $254,895.12 in taxes, $262,334.16 in interest, and $106,175.65 in penalties
for tax years 1993-1998. While not at issue in this proceeding, the record also
reflects that Debtor's unpaid tax liability (excluding interest and penalties) for the
years 1999-2004 totaled $225,837 as of August 18, 2006.

During the years 1993-1998, Debtor made numerous expenditures despite
his outstanding tax obligations, including but not limited to: hiring a live-in
housekeeper at a cost of $18,000 per year; placing an $80,000 down payment on
an $800,000 twelve room house located in Mendham, New Jersey (the
"Mendham" residence)[2]; incurring a $6,646 per month mortgage on the Mendham
residence; leasing cars and covering cell phone bills for himself, his wife and his
children; paying college tuition, including room and board and an allowance for
personal expenses, for his children; buying a $1,600 mirror; and making
substantial gifts to charity. Debtor also subsidized his wife's money-losing,
home-operated business, Partie Smartie, Inc., for a number of years.[3]

---

[1]       *See* Declaration of Paul de la Vega at ¶ 28.

[2]       From 1979-1995 Debtor and his family lived in a home in Woodcliff Lakes, New Jersey
(the "Woodcliff" residence), purchased for $140,000 in 1979 and sold at a foreclosure sale in 1995
or 1996. The record is unclear whether Debtor had any equity in and received any proceeds from
the foreclosure sale.

[3]       These items were reflected in a Budget included in a Stipulation entered into by Seltzer
and Mason with the Chapter 11 Trustee in a chapter 11 bankruptcy case Seltzer and Mason jointly
commenced on September 18, 1996 in the District of New Jersey. The Stipulation and Budget
settled a dispute over the ownership of post-petition commissions and allowed Seltzer and Mason
to use a portion of Seltzer's post-petition commissions to pay personal and business expenses.
While the Stipulation and Budget provided that Seltzer and Mason "shall have the right to use the

## III.    Discussion

In general, a debtor under chapter 7 of the Bankruptcy Code is granted a discharge from all debts that arose prior to the filing of the bankruptcy petition. There are some exceptions to discharge, however, including certain tax liabilities.[4]  *See* 11 U.S.C. § 523(a)(1)(A)-(C).   Section 523(a)(1)(C) provides:

> (a) a discharge under § 727 . . . of this title does not discharge an individual debtor from any debt-
>
> > (1)  for a tax or customs duty-
> >
> > > (C)  with respect to which the debtor made a fraudulent return or willfully attempted in any manner to evade or defeat such tax.

11 U.S.C. § 523(a)(1)(C).

The Defendant contends that Debtor's tax debts for 1993-1998 are nondischargeable under § 523(a)(1)(C) because Debtor willfully attempted to evade such taxes in that Debtor had the resources to pay his taxes, but instead applied his available funds to other obligations including excessive discretionary expenses.  Debtor contends that his failure to pay taxes for tax years 1993-1998 does not constitute a willful attempt to evade or defeat such tax within the meaning of § 523(a)(1)(C).[5]

The objecting creditor, here the Defendant, bears the burden of proving by a preponderance of the evidence that Debtor's taxes are nondischargeable under § 523(a)(1)(C).  *See Grogan v. Garner*, 498 U.S. 279, 291 (1991).  Courts narrowly construe any exceptions to discharge in favor of providing Debtor with a fresh start.  *In re Lopes*, 339 B.R. 82, 86 (Bankr. S.D.N.Y. 2006) ("Exceptions to discharge are to be narrowly construed in favor of a debtor, to effectuate the fresh start purposes of the bankruptcy laws, because public policy favors the discharge of the honest debtor . . . .") (citations and quotations omitted).

---

Free Funds as needed in accordance with the Budget, to pay estimated taxes," the Budget only included a line item for "taxes" and failed to set forth a specific amount to be applied towards their tax obligations.

[4]     A debtor may be discharged from federal income tax liabilities for any year for which a return was due more than three years prior to the filing of the bankruptcy petition, but a debtor cannot be discharged for more recent federal income tax liabilities.  *See* 11 U.S.C. § 523(a)(1)(A).

[5]     Section 523(a)(1)(C) is to be read in the disjunctive; the Defendant must show either that the return for a given year was fraudulent, or that Debtor willfully attempted to evade or defeat the tax for that year.  As the Defendant does not allege that Debtor "made a fraudulent return," the only issue before this Court is whether Debtor "willfully attempted" to evade his tax debts for tax years 1993-1998.

Section 523 does not define what constitutes a "willful attempt to evade or defeat" a tax.  The Second Circuit in *In re Tudisco*, 183 F.3d 133 (2d Cir. 1999), was faced with a debtor who failed to file tax returns, at least until a later year, and submitted a "patently false" affidavit to his employer to avoid tax withholding.  The *Tudisco* court set forth principles for determining cases under § 523.  With respect to the application of § 523(a)(1)(C), the court stated that the willfulness exception to discharge "consists of a conduct element (an attempt to evade or defeat taxes) and a mens rea requirement (willfulness)." *Id*. at 137.  The court also recognized a conflict in the circuits whether § 523(a)(1)(C) applies to "culpable omissions" as well as to "acts of commission". *Id*.  Because the court determined that the debtor's conduct in that case was sufficient to satisfy either standard, *Tudisco* does not resolve whether "culpable omissions" alone would satisfy § 523(a)(1)(C), and if so, what constitutes culpable omissions.

This Court can, however, look to *In re Wright*, 191 B.R. 291 (S.D.N.Y. 1995), which discussed in greater depth the standard to be applied under § 523(a)(1)(C) and the significance of taxpayer decisions to spend available funds on obligations other than unpaid taxes.  In that case, the court held that a willful attempt to evade or defeat a tax under § 523(a)(1)(C) will be found where the debtor (1) had a duty to pay the tax, (2) knew of that duty, and (3) voluntarily and intentionally violated the duty.  *Id*. at 292; *see also In re Lynch*, 299 B.R. 62, 80-81 (Bankr. S.D.N.Y. 2003) (Gerber, J.) (holding that "a willful attempt to evade or defeat a tax is established if the debtor (1) had a duty to pay the tax, (2) knew of that duty, and (3) voluntarily and intentionally violated the duty.").  The court in *Wright* stated:

> To satisfy this test, it is not necessary to prove that the debtor was inspired by "bad purpose or evil motive" in failing to pay his taxes. It is enough if the debtor "had the wherewithal to file his return and pay his obligation," but "voluntarily, consciously, and intentionally" decided to pay other creditors instead.

191 B.R. at 292.  Ultimately, the court in *Wright* held that a debtor's knowing allocation of resources to obligations other than taxes would constitute the requisite willful attempt to evade or defeat a tax.

Here, the parties are in agreement that the first two elements of the willfulness test are satisfied.  Thus, the issue before this Court is whether there is a genuine issue of material fact that would preclude this Court from holding, as a matter of law, that Debtor "voluntarily and intentionally" violated his duty to pay taxes for the years 1993-1998.[6]

---

[6]    The Defendant argues that Debtor also engaged in affirmative acts to evade his tax obligations by (1) failing to report as income the payment of his personal expenses by his businesses, and (2) failing to report and pay employment taxes on compensation paid to his household employees.  The Defendant contends these acts evidence acts of willful evasion for

After a review of the evidence, it is clear that Defendant has made a strong factual showing that Debtor "voluntarily and intentionally" violated his duty to pay taxes for the years 1993-1998 by making payments to other creditors instead. However, when viewing the facts in a light most favorable to Debtor, as required on a summary judgment motion, it is difficult to discern whether the totality of Debtor's conduct evidenced a willful attempt to defeat or evade his federal tax obligations within the meaning of § 523(a)(1)(C).  *See, e.g., Haesloop*, 2000 WL 1607316 at *5 (finding after trial that debtor's conduct constituted an attempt to defeat or evade his federal tax obligations for 1990-1992 within the meaning of § 523(a)(1)(C) after considering "the evidence concerning the totality of the [debtor]'s conduct").

The Defendant offers limited evidence to support its contention that Debtor expended funds on unnecessary discretionary items from 1993 forward. Defendant focuses primarily on the Chapter 11 Stipulation and Budget for 1997 as proof that excessive discretionary expenditures (*i.e.*, automobile lease payments, cell phones, etc.) were made.   The Budget details $20,000 in variable and fixed personal expenses for Seltzer and Mason for 1997; and deposition excerpts from Seltzer and Mason confirm that the amounts set forth in the Budget are accurate. But it is unclear from the record whether the budgeted amounts were actually expended, and which, if any, expenditures were excessive in the context of this proceeding.  At the summary judgment stage, at least, Debtor is entitled to the benefit of all reasonable inferences.  *Matsushita*, 475 U.S. at 587

As further evidence that Debtor "voluntarily and intentionally" violated his duty to pay taxes for the years 1993-1998 by making payments to other creditors, the Defendant places great weight on the fact Debtor incurred a mortgage in the amount of $6,646 per month when he purchased the Mendam residence.[7]  While the record shows that Debtor was obligated to pay $6,646 as

---

purposes of § 523(a)(1)(C).  Even assuming that Defendant needs to demonstrate an affirmative act of tax evasion to satisfy § 523(a)(1)(C) – something not required by *In re Wright* – the affirmative acts alleged here may not be sufficient for purposes of § 523(a)(1)(C).  In prior cases in this Circuit that have found affirmative acts to evade taxes, there has been some nexus between the affirmative acts of evasion and the tax obligations at issue.  *See, e.g., In re Wright*, 191 B.R. at 293 (finding debtor manipulated personal finances to thwart IRS attempts to collect the taxes owed including rerouting revenue generated by anesthesiology practice to newly formed corporation and closing bank accounts to impede IRS attempts to locate assets); *In re Lynch*, 299 B.R. at 76 (holding that the cancellation of the direct deposit of paycheck to prevent IRS from garnishing salary was an "affirmative act to evade the payment of taxes" at issue); *Haesloop v. U.S.*, No. 197-17172-575, 2000 WL 1607316, at *6 (Bankr. E.D.N.Y. 2000) (Swain, J.) (stating debtor took "deliberate steps to avoid accumulating assets that could be seized to satisfy his liabilities").  Here, the Defendant has not demonstrated the requisite nexus.  Accordingly, it is doubtful that this conduct would constitute affirmative acts of willful evasion for purposes of § 523(a)(1)(C).

[7]      Debtor apparently purchased the Mendam residence while in contract to sell his Woodcliff residence, but the Woodcliff sale fell through and Debtor wound up owning two homes, with two mortgages, ultimately losing both homes through foreclosure.  It may well be that Debtor

the monthly mortgage payment, a cursory review of Debtor's tax returns reveals that he had minimal interest deductions for some of the years at issue, suggesting that he paid neither his taxes nor his home mortgage.

Under these circumstances, this Court is unable to determine whether Debtor continued to make a large number of discretionary expenditures without any discernible effort at "belt-tightening." *See In re Lynch*, 299 B.R. at 84 (finding after trial that debtor "continued to make a large number of discretionary and, indeed, luxury, expenditures without any discernible effort at belt-tightening"). In other words, the evidence presented does not make clear whether Debtor sought to curtail an extravagant standard of living (in light of his income and obligations, including state and federal income taxes) for the years in question. The evidence presented on summary judgment may well turn out to be sufficient to establish at trial that Debtor willfully evaded his federal tax obligations, but it is not sufficient for summary judgment. For the foregoing reasons, this Court holds that summary judgment is not appropriate.

Pursuant to Rule 56(d), this Court will limit the factual issues for trial. *See In re Asia Global Crossing, Ltd.,* 332 B.R. 520, 530 (Bankr. S.D.N.Y. 2005) ("Rule 56(d) is akin to the preliminary order under Rule 16, and likewise serves the purpose of speeding up litigation by eliminating before trial matters wherein there is no genuine issue of fact."). Debtor does not dispute the facts set forth in ¶¶ 1, 2, 4 – 10, 12-17, 21 – 23, 25, 26, 28, 30, 35, 39 – 45, 47, 48, 50 – 53, 55, 58, 60, 61, 63, 65 – 71, 73, 75 – 114, 116 – 120, 122, 124, 126 – 129, and 132 – 156 of Defendant's Rule 7056 Statement of Facts.

Debtor disputes the remaining facts set forth in Defendant's Rule 7056 Statement of Facts. Of the remaining facts, only ¶¶ 46, 49, 56, 57, 59, 62, 64, 121, 123, 125 and 130 contain material facts. Debtor adequately controverts all of the facts set forth in the foregoing paragraphs except for ¶ 130. In response to the facts set forth in ¶ 130, Debtor rests upon a conclusory denial, insufficient for purposes of a summary judgment motion. *See Colavito v. New York Organ Donor Network, Inc.*, 438 F.3d 214, 222 (2d Cir. 2006) ("On a motion for summary judgment 'the opposing party may not rest upon mere conclusory allegations or denials.'") (citing *Markowitz v. Republic Nat'l Bank of N.Y.*, 651 F.2d 825, 828 (2d Cir. 1981)). As such, the facts set forth in ¶ 130 are also deemed admitted. Therefore, this Court finds that only the facts set forth in ¶¶ 46, 49, 56, 57, 59, 62, 64, 121, 123, and 125 are material facts that are actually and in good faith controverted and need to be proved at trial.

---

should have used the $80,000 down payment he made on the purchase of the Mendam residence to pay at least some of his already substantial tax liability, but that conclusion will have to await a trial and any further evidence that Debtor may offer to explain his conduct.

**IV.     Conclusion**

For the reasons provided above, the Defendant's Motion for Summary
Judgment is DENIED and the matter will be set for trial.  The parties are further
ordered to submit a Joint Pre-Trial Order by January 26, 2007.  The parties may
incorporate by reference the undisputed facts set forth above.  The parties are
instructed to contact chambers to obtain dates for a final pretrial conference and
for trial.

DATED:  January 9, 2006
           New York, New York

                                           __/s/  Martin Glenn_____
                                           MARTIN GLENN
                                           United States Bankruptcy Judge